UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEREMIAH BULT ET AL** | **CASE NO. 2:22-CV-01381** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S A A GENERAL INDEMNITY CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a Motion for Summary Judgment [doc. 12] filed by plaintiffs and a Motion for Determination That There Are No Deemed Admissions and in the Alternative, to Withdraw Admissions [doc. 20] filed by defendant USAA General Indemnity Company (USAA GIC). Both motions are opposed. Docs. 24, 25.

### I.
### BACKGROUND

This suit arises from storm damage to plaintiffs' home following Hurricanes Laura and Delta, which both struck Southwest Louisiana in 2020. At all relevant times the home was insured under a policy issued by USAA GIC. Plaintiffs allege that USAA GIC failed to timely or adequately compensate them for their covered losses. They filed suit in this court on May 24, 2022, raising breach of contract and bad faith claims under Louisiana law. Doc. 1.

The matter proceeded through the streamlined settlement process outlined in the court's Case Management Order ("CMO") for Hurricane Laura and Delta cases but did not resolve. It is set for jury trial before the undersigned on September 5, 2023. On January 31,

2023, plaintiffs' counsel Hannah Mayeaux sent to USAA GIC counsel Remington Angelle an email with the following attached: (1) a letter asking to set the depositions of USAA GIC's corporate representative and the field adjuster who inspected plaintiffs' property; (2) a draft Rule 30(b)(6) notice; (3) a letter asking USAA GIC to respond to plaintiffs' requests for admission, interrogatories, and requests for production; (4) requests for admission; (5) interrogatories; and (6) requests for production. In the body of the email Ms. Mayeaux wrote:

> Please see the attached discovery propounded on your client. I've additionally attached a letter requesting deposition dates for USAA GIC's 30(b)(6) deposition and dates for the deposition of Field Adjuster, Deanna Vest. Please provide their available dates in March and/or April. I've attached a copy of Plaintiffs' draft 30(b)(6) notice for your review.
>
> I am only sending electronic copies of these discovery requests and will consider today's date as the date received. If you would like a mailed copy, please let me know.
>
> Please respond to Plaintiffs' Discovery requests within the delays allowed by law.

*Id.* at 1. Ms. Mayeaux sent another email on February 28, concerning her request for deposition dates. Doc. 20, att. 3. Mr. Angelle responded the same date, stating that he was "just getting back to the office after getting married" and agreeing to set depositions in April. Doc. 20, att. 4. The following week, Ms. Mayeaux and Mr. Angelle met at plaintiffs' property for an expert inspection. Doc. 20, att. 16, ¶ 7. The next day Ms. Mayeaux sent an email setting a Rule 37 conference and asking when plaintiffs could "expect responses to their discovery requests." Doc. 20, att. 5.

The conference occurred on March 9, 2023. Doc. 20, att. 16, ¶ 9. During that time Ms. Mayeaux made no special reference to the requests for admission and did not indicate that she considered them admitted, but instead agreed to extend the response timeline for discovery to March 24. *Id.* She followed the conference with an email confirming that she would "allow USAA GIC an additional 15 days from today to respond to [plaintiffs'] discovery requests." Doc. 20, att. 6. On March 20, Ms. Mayeaux emailed defense counsel to ask when she could expect USAA GIC's "discovery responses." Doc. 20, att. 7. Mr. Angelle responded by telephone call on March 22, and Ms. Mayeaux memorialized the call in an email that same day stating that he would "be providing all discovery responses . . . by next Wednesday, March 29, 2023." Doc. 20, att. 8; doc. 20, att. 16, ¶ 12.

On March 28, 2023, Francis Brown, lead counsel for USAA GIC in this matter, called Ms. Mayeaux to assure her that he would personally arrange for the requested depositions. Doc. 20, att. 17, ¶ 4. He also requested a one-week extension, until April 5, to respond to plaintiffs' discovery requests. *Id.* at ¶ 5. Ms. Mayeaux agreed to the extension and said nothing about the requests for admission. *Id.* at ¶ 6. Mr. Brown memorialized the conversation with an email, where he thanked Ms. Mayeaux for agreeing to the extension and assured her that he would make sure, going forward, "that you receive a prompt response to any request for discovery." Doc. 20, att. 9. Ms. Mayeaux responded the same day, outlining her frustrations in dealing with USAA GIC and stating that she intended to file a motion to compel if she did not receive the answers to her interrogatories and requests for production by April 5. Doc. 20, att. 10. She also stated, "Under Rule 36 the Request for

Admissions were deemed admitted on March 2, 2023. No request for an extension of time to answer the Requests for Admission was ever made." *Id.*

Mr. Brown delivered USAA GIC's discovery responses on March 29, 2023, including the responses to plaintiffs' requests for admission. Doc. 20, att. 11; doc. 20, att. 19. Later that day Ms. Mayeaux filed plaintiffs' Motion for Summary Judgment, which is premised on the requests for admission allegedly deemed admitted by USAA GIC's failure to respond. Doc. 12. USAA GIC then filed a motion requesting that the court issue a determination that the requests were not admitted, because they were not properly served and because USAA GIC responded timely. Doc. 20. Alternatively, it asks that the court enter an order withdrawing the admissions in order to facilitate resolution on the merits.

## II.
## LAW & APPLICATION

USAA GIC argues that the requests for admission should not be deemed admitted because (1) they were not properly served under Federal Rule of Civil Procedure 5, (2) they were not sent to lead counsel as required under Local Rule 11.2, and (3) they were answered within the delays agreed to by counsel. Doc. 20, att. 1.

Under Federal Rule of Civil Procedure, requests for admission are deemed admitted if not answered in 30 days. *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)). If the request concerns an essential issue, the failure to respond can lead to summary judgment against the non-responding party. *Hill v. Brezeale*, 197 F. App'x 331, 336 (5th Cir. 2006). Federal Rule of Civil Procedure 5 governs service of pleadings and other papers. It provides that electronic

service is proper so long as the other person consents in writing. Fed. R. Civ. P. 5(b)(2)(E). The consent "must be express, and cannot be implied from conduct." *Id.* at advisory committee's note to 2001 amendment.

It is undisputed that USAA GIC did not consent in writing to accept service by electronic means. Plaintiffs maintain that USAA GIC waived any objections to service through its conduct, in reliance on *Rushing v. Board of Supervisors of University of Louisiana System*, 270 F.R.D. 259 (M.D. La. 2010). There the court found that defense counsel had waived any objections to receiving deposition notices by email because plaintiff's "method of notice was reasonable" and defense counsel had failed to promptly object, which would have given plaintiff an opportunity to cure the defect. The undersigned agrees that USAA GIC has, by its conduct, waived objections to service. Counsel corresponded extensively by email about the discovery requests for two months and none of the USAA GIC attorneys involved in that correspondence ever objected to the method of service.

The correspondence between Ms. Mayeaux, Mr. Angelle, and Mr. Brown also establishes that the two had agreed to an extension of all discovery deadlines. There is nothing in the communications regarding the extensions that attempts to isolate the requests for admission, and USAA GIC delivered its responses within the time allotted under the final extension, less than four weeks after the original due date and over five months before the trial date. Under the circumstances the court finds no basis for deeming the requests admitted, and thus no basis for granting summary judgment.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion for Summary Judgment [doc. 12] be **DENIED** and the Motion for Determination [doc. 20] be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 25th day of April, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE